No. 3108

Re:  Date of payment of unemployment
     compensation tax as effecting the
     tolling of limitation under
     Article 5221b-12(j), Vernon's
     Annotated Civil Statutes.

---

---

OFFICE OF THE ATTORNEY GENERAL OF TEXAS

Austin

Texas Unemployment Compensation Commission
Brown Building
Austin, Texas

Gentlemen:

## Opinion No. 0-4618

We have received and carefully considered your opinion request of recent date. In order to fully set out the facts involved, we quote your letter in full:

"This request has reference to the refund provisions of the Texas Unemployment Compensation Act (Article 5221b-12(j), Vernon's Annotated Civil Statutes of Texas, 1925). You have previously issued your opinions No. 0-459 on March 17, 1939, and 0-1765 on March 7, 1940. These two opinions are cited in your opinion No. 0-2183 dated June 18, 1940.

"In the year 1940 the Commission asserted tax liability against X Company for unemployment taxes for the period January 1, 1937, through December 31, 1939. X Company denied liability but in 1940 paid all of the taxes which the Commission claimed were owing. At the time it paid the taxes it filed an application for refund in accordance with the terms of the Unemployment Act. In 1942 a Federal court finally established the correctness of the corporation's contention of non-liability. (The case in which the question was decided was not a tax suit by this State for unemployment taxes.)

"On the basis of the decision of the Federal court, this Commission told the X Company that it was not an employer during the period January 1, 1937, to December 31, 1939, and that the refund application would be granted with reference to taxes due after March 31, 1938. This was for the reason that the refund provision of the Texas law, as it existed prior to April 1, 1939, imposed a one-year limitation period for the filing of applications.

"The X corporation now contends that since taxes due prior to April 1, 1938, were paid the commission at a time when the application for refund with respect to them was barred, a situation is created which demands that the statute be not interpreted to bar recovery of such taxes.

"We shall appreciate your opinion as to the correctness of our position in denying the refund of taxes due prior to April 1, 1938."

It would seem that opinions Numbers O-459 and O-1765 have answered inferentially the question expressed in your opinion request. However, it is now asserted that a different conclusion should be reached because the contributions alleged to be due for the period prior to April 1, 1938, were paid in 1940 rather than in that period. In order to fully answer this contention, we feel that a short review of the applicable statutes and our previous rulings will be profitable.

Our opinion No. O-459 dealt with a situation where the commission was asked to refund contributions, regularly paid by the supposed employer, which were due prior to one year from the date of the application therefor. At the date of this opinion, Section 12(d) of Article 5221b, Vernon's Annotated Civil Statutes, was in effect and it reads as follows:

"Refunds: If not later than (1) year after the date on which any contributions or interest thereon became due, an employer who has paid such contributions or interest thereon shall make application for an adjustment thereof in connection with subsequent contribution payments, or for a refund thereof because such adjustment cannot be made, and the Commission shall determine that such contributions or interest or any portion thereof was erroneously collected, the Commission shall allow such employer to make an adjustment thereof, without interest, in connection with subsequent contribution payments by him, or if such adjustment can not be made the Commission shall refund said amount, without interest, from the fund. For like cause and within the same period, adjustment or refund may be so made on the Commission's own initiative." (Emphasis supplied)

The Attorney General held that the Commission could not legally refund contributions which were due prior to one year from the date of application therefor. In the course of the opinion we find the following language:

"One of the most significant provisions of Section 14(d) is the phrase 'the date on which any contributions or interest thereon became due.' The 'due' date rather than the date of payment is controlling. No matter when the contributions are paid, the one (1) year period of limitation against refunds begins to operate in favor of the state 'after the date on which any contributions or interest thereon became due.'"

Based on the same factual data submitted in Opinion No. O-459, another opinion request was received by the Attorney General in which the main problem was the effect of the amendment of old Section 12(d) to new Section 12(j), effective April 1, 1939. Although there is some slight difference in verbiage, the legal effect of both statutes appears to be the same, excepting the change in the period of limitation. Section 12(j) is still in effect and reads as follows:

"Where any employing unit has made a payment to the Commission of contributions alleged to be due, and it is later determined that such contributions were not due, in whole or in part, the employing unit making such payment may make application to the Commission for an adjustment thereof in connection with contribution payments then due, or for a refund thereof because such adjustment cannot be made, and if the Commission shall determine that such contributions or penalty, or any portion thereof were erroneously collected, the Commission shall allow such employing unit to make an adjustment thereof without interest in connection with contribution payments then due by such employing unit, or if such adjustment cannot be made, the Commission shall refund said amount without interest from the Fund, provided that no application for adjustment or refund shall ever be considered by the Commission unless the same shall have been filed within four (4) years from the date on which such contributions or penalties would have become due, had such contributions been legally collectible by the Commission from such employing unit. For like cause, and within the same period, adjustment or refund may be so made on the Commission's own initiative." (Emphasis supplied)

The resulting opinion, being No. O-1765, held that the new statute had no retroactive terms and that it was intended to be prospective in operation. Consequently the claimant gained no new rights by the repeal of old Section 12(d) and the passage of Section 12(j). The holding and reasoning in prior opinion No. O-459 was reaffirmed, and the supposed employer was again denied a refund of contributions becoming due prior to one year from the date of application therefor. Again, emphasis was placed on the fact that insofar as the beginning of the period of limitation was concerned, the due date of the contributions was the controlling factor.

The Texas Unemployment Compensation Commission has uniformly interpreted the applicable statutes to mean that the limitation period should begin on the date that the contribution became due. See Regulation 38, adopted July 2, 1937, and Regulation 39, adopted September 5, 1939.

Since every opinion by the Attorney General and every regulation by the Commission, dealing with the above set out statutes, have emphasized the fact that the beginning of the running of the period of limitation is the due date of the contributions, we are not willing to say now that the date of payment is controlling. We do not believe that a legislative intent to differentiate between, and favor, a claimant who has not regularly paid the contributions allegedly due and one who has regularly paid his taxes, can be read into the statutes. Certainly the express terms of the statutes involved make no such distinction.

You are, therefore, advised that the claim presented by the X Company has been barred by the terms of old Section 12(d), Article 5221b, Vernon's Annotated Civil Statutes, and that the Commission adopted the correct position in denying the refund of taxes due prior to April 1, 1936.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

/s/ Woodrow Edwards
Assistant

WE:AMM

This opinion has been considered in conference, approved and ordered recorded, this the 23rd day of October, 1942.

/s/ Gerald C. Mann

Gerald C. Mann
Attorney General of Texas